# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE RAYAN GARCIA o/b/o C.P.J.C., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:25-cv-00024-SKO<br><br>ORDER REQUIRING PLAINTIFF TO FILE NOTICE OF ADEQUATE REPRESENTATION OR APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR MINOR PLAINTIFF PURSUANT TO LOCAL RULE 202(a)<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff Jasmine Rayan Garcia on behalf of minor C.P.J.C. ("Plaintiff") filed a complaint on January 7, 2025, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits. (Doc. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) On January 8, 2025, the Court granted the application to proceed *in forma pauperis*. (Doc. 3.)

Rule 17 of the Federal Rules of Civil Procedure provides that a suit by a minor may be brought or defended by "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1). Thus, Rule 17(c)(1)(A) permits a "general guardian" to sue in federal court on behalf of a minor, and "[a] parent is a guardian who may so sue." *Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) (denying a motion to appoint a guardian ad litem as unnecessary because

nothing in the complaint indicated the minor plaintiff's parents would not adequately protect her interests, nor was there evidence of a conflict of interest between the minor plaintiff and her parents); *see also Prudential Ins. Co. of Am. v. Remington,* No. 2:12-cv-02821-GEB-CMK, 2013 WL 3070629, *2 (E.D. Cal. Mar. 23, 2013) (finding no need to appoint parent guardian ad litem of defendant minor where nothing in the record suggested she had a conflict or would not protect the minor's interests).  The Local Rules of the Eastern District of California provide that:

> *Upon commencement of an action* or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

E.D. Cal. L.R. 202(a) (emphasis added).

Here, the complaint indicates that this action was initiated by a parent of the minor Plaintiff. (*See* Doc. 1 at 1.)  Thus, Plaintiff is required to present a showing satisfactory to the Court that no appointment of a guardian ad litem is necessary to ensure adequate representation of the minor, or, if necessary, a motion for the appointment of a guardian ad litem.  However, upon review of the docket, no notice of adequate representation nor application for the appointment of guardian ad litem has been filed.

Accordingly, IT IS HEREBY ORDERED that within **fourteen (14) days** from the date of entry of this order, Plaintiff shall present a showing satisfactory to the Court that no appointment of a guardian ad litem is necessary to ensure adequate representation of the minor or a motion for the appointment of a guardian ad litem that meets the requirements of Local Rule 202(a).

IT IS SO ORDERED.

Dated:   **January 15, 2025**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE